# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERY ANN COLVIN,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant. | Case No. 5:18-cv-00982-FMO (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the Parties' Joint Stipulation ("Joint Stip."), the records herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of the portions of the Report to which Petitioner has raised objections ("Objections"). For the reasons stated below, the Objections are overruled.

      Plaintiff objects that the Report failed to recognize legal error by the Administrative Law Judge ("ALJ") on the issue of the examining psychiatrist's opinion. (Objections at 2-4.) According to Plaintiff, the ALJ committed legal error when he "adopted" the examining psychiatrist's opinion that Plaintiff would have

moderate limitations in certain areas of mental functioning yet later failed to incorporate those limitations in the remainder of his findings without any explanation. (*Id*. at 2-3.) Plaintiff misreads the ALJ's opinion. Rather than adopting the examining physician's opinion in full, the ALJ assigned it only "partial weight" after explaining that it was inconsistent with evidence in the case record, including evidence that Plaintiff was negative for conditions such as anxiety, depression, and sleep disturbance, and had generally unremarkable mental status examinations. (Report at 6-8.) Thus, the ALJ adequately explained, with specific and legitimate reasons based on substantial evidence, why the examining psychiatrist's opinion about Plaintiff's limitations in mental functioning would not be adopted. Even in her Objections, Plaintiff does not challenge the legal sufficiency of these reasons.

Plaintiff also objects that the Report failed to recognize that the ALJ, in assessing Plaintiff's subjective symptom allegations, ignored Plaintiff's allegations of chronic pain. (Objections at 6.) To the contrary, the Report reviewed the ALJ's thorough assessment Plaintiff's pain allegations and the reasons why the ALJ declined to credit them: Plaintiff's pain allegations were inconsistent with numerous objective findings from the medical record, evidence about her activities of daily living, and evidence of medication non-compliance. (Report at 13-17.) These reasons were clear and convincing reasons based on substantial evidence.

Plaintiff also objects that Report failed to recognize that the ALJ stated he would, but apparently did not, consult evidence from Plaintiff's earlier disability applications involving her carpal tunnel syndrome. (Objections at 8.) Here, medical evidence from Plaintiff's earlier disability applications relating to carpal tunnel syndrome may have had only limited relevance, see Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."),

because more recent evidence showed no indication of carpal tunnel syndrome. (AR 334, 336.) Thus, the ALJ did not err in neglecting to consider the older carpal tunnel evidence. Finally, even assuming it was error not to consider the older carpal tunnel evidence, the error was harmless because the more recent evidence in the record showed no indication of carpal tunnel syndrome. (Report at 13, 16, 17.); see, e.g., Baker v. Berryhill, 720 F. App'x 352, 355 (9th Cir. 2017) (finding harmless error in an ALJ's failure to consider evidence that predated an alleged onset date); Williams v. Astrue, 493 F. App'x 866, 869 (9th Cir. 2012) (finding harmless error in an ALJ's failure to consider evidence predating an alleged onset date where more recent evidence qualified as substantial evidence supporting the ALJ's findings); see also Warzecha v. Berryhill, 692 F. App'x 859, 860 (9th Cir. 2017) (finding no legal error where an ALJ failed to develop the record with medical evidence predating an alleged onset date); Burke v. Colvin, 649 F. App'x 495, 496 (9th Cir. 2016) (same).

## ORDER

IT IS ORDERED that (1) Plaintiff's Objections are overruled, (2) the Report is accepted, and (3) Judgment shall be entered affirming the final decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: August 12, 2019

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE